OPINION
Defendant-appellant Gerard Van Hawkins, Jr. appeals the March 9, 2001 Judgment Entry of the Stark County Court of Common Pleas which found him guilty of two counts of child endangering, each with a serious physical harm specification, and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
During the afternoon of December 14, 2000, appellant babysat his four children while their mother, Tammy French, took a class. At 5:29 p.m., appellant called 911 to report his youngest child, three month old Sania Hawkins, needed medical attention. After assessing the child, the medical personnel transported Sania to Mercy Medical Center. Due to the seriousness of her injuries, the baby was then transferred to Akron Children's Hospital. Sania suffered from respiratory difficulties and ultimately, respiratory failure. She was intubated and placed on life support in the intensive care unit.
On January 18, 2001, appellant was indicted with one count of child endangering, in violation of R.C. 2919.22(B)(1), with a serious physical harm specification, a felony of the second degree; and one count of child endangering, in violation of R.C. 2919.22(A), with a serious physical harm specification, a felony of the third degree. Appellant plead not guilty to each charge at his January 26, 2001 arraignment.
The matter proceeded to jury trial on March 5, 2001.
When interviewed by the police, appellant reported Sania had been sick and up most of the night. Appellant told police he woke Sania at approximately 3:00 p.m. to give her medicine. At 4:30 p.m., appellant picked Sania up by the waist in order to change her diaper. Appellant stated he laid her on the couch and turned to retrieve a clean diaper. When he turned around, he noticed Sania became stiff and her fists were clenched. It was at that time he called 911. Appellant first denied ever shaking his daughter. After a second interview with the police, appellant admitted he shook his daughter to calm her down. Appellant insisted he only shook her for a minute or two, and "not very hard."
Appellant was also interviewed by Mike Davies, a social with the Stark County Job and Family Services. Appellant admitted to Mr. Davies he had shaken Sania for a minute or two, but not very hard. He stated he shook Sania only once to calm her down. Appellant acknowledged he unintentionally hurt his daughter.
At the time of trial, Mr. Davies testified Sania did not have purposeful movement in her legs. Sania was scheduled to have surgery to insert a shunt into her head to drain off fluid. However, when the doctors began drilling, some gel-like fluid oozed out of the her head. The doctors determined they needed to wait to ascertain whether Sania's brain would expand inside her skull.
Dr. Daryl Steiner, the pediatric emergency room physician, and director of the clinic for abused children at Akron Children's Hospital, treated Sania after her transfer. Dr. Steiner testified cat scans of Sania's head revealed bleeding inside her skull on the surface of the brain. While Dr. Steiner testified the bleeding was of recent origin, he also observed evidence of older bleeding. Dr. Steiner estimated this prior bleeding had occurred five to ten days before the most recent event. A further cat scan of Sania's chest and abdomen revealed bruising on her left lung, indicating she had suffered trauma to the left side of her chest. Dr. Steiner further observed retinal hemorrhages in Sania's eyes. Based upon his training and experience, and after reviewing Sania's history, Dr. Steiner concluded the child had been violently shaken, and the shaking had caused her injuries.
Dr. Steiner testified shaking would cause severe brain damage. Not only would the injury have caused an immediate and substantial risk, the child's brain would start to swell from the injury, causing additional injury and risk to the child. Dr. Steiner testified Sania's brain injuries were permanent. At the time of trial, Dr. Steiner could not state with certainty Sania's prognosis. Although he noticed she had weakness to one side of her body, Dr. Steiner opined other deficits would most likely develop as the child grew.
After hearing all the evidence, the jury found appellant guilty of two counts of endangering children, each with a serious physical harm specification.
In a March 9, 2001 Judgment Entry, the trial court found appellant guilty of on one count of child endangering, in violation of R.C.2919.22(B)(1), with a serious physical harm specification, a felony of the second degree; and one count of child endangering, in violation of R.C. 2919.22(A)(1), also with a serious physical harm specification, a felony of the third degree. The trial court further found pursuant to R.C. 2929.14(B) that the shortest prison term would demean the seriousness of defendant's conduct and the shortest prison term would not adequately protect the public from future crime by the defendant or others. The trial court then made the specific finding:
 The court finds for the reasons stated on the record pursuant to Revised Code Section 2929.14(C) that the defendant has committed the worst form of the offense and the defendant poses the greatest likelihood of recidivism.[1]
Thereafter, the trial court sentenced appellant to a definite term of eight years on the charge of endangering children, in violation of R.C.2919.22(B)(1), and a definite term of five years for the charge of child endangering, in violation of R.C. 2919.22(A). The trial court further ordered the two counts of the indictment to be merged for sentencing purposes, and ordered appellant to receive a total period of eight years incarceration.
It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT IN VIOLATION OF REVISED CODE SECTION 2953.08 AND 2929.14.
 I
In his sole assignment of error, appellant maintains the trial court erred in sentencing him to the maximum prison term because appellant's actions could not be found to encompass the worst form of the offense. Specifically, appellant maintains the trial court and the prosecutor assumed the child was permanently and severely injured. Appellant states this finding did not take into account medical progress could or would be made. Because no one can be certain what medical advances or progress might benefit the child in the future, appellant maintains the trial court's finding appellant committed the worst form of the offense is unsupported.
R.C. 2929.14(C) permits the trial court to impose the maximum prison term upon offenders committing the worst forms of the offense and upon offenders who impose the greatest likelihood of committing future crimes. Appellant herein has attacked only the trial court's finding appellant committed the worst form of the offense. We note appellant has not attacked the trial court's independent finding appellant posed the greatest likelihood of recidivism.
Assuming arguendo, appellant was correct the trial court's decision he had committed the worst form of the offense was unsupported by the record, the trial court also found appellant posed the greatest likelihood of committing future crimes. Because the trial court was free to impose the maximum sentence upon a finding of either of these independent reasons, appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. Julie A. Edwards, P.J. Hon. William B. Hoffman, J. Hon. John F. Boggins, J. concurs.
[1] Judgment Entry at 3, unpaginated.